UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANTHONY ORTIZ,                                          :

                                    Plaintiff,          :    **<u>DECLARATION</u>**

                          -against-                     :    13 CV 136 (JMF)

THE CITY OF NEW YORK;
THE NEW YORK CITY HOUSING AUTHORITY;    :
JAMES THEIS, a former detective employed
by the New York City Police Department,
JOHN DOE Nos. 1 through 5 (whose identities are    :
currently unknown but who are known to have been
detectives and supervisors with the New York City
Police Department), and MICHAEL CODELLA (aka :
"Rambo"), a former detective with the New York
City Housing Authority Police Department,
as individuals and in their official capacities,    :

                                    Defendants.         :

-------------------------------------------------------------------X

        JOEL B. RUDIN, an attorney duly admitted to practice law before this

Court, hereby declares under the penalty of perjury that the following is true:

        1.      I am the attorney for Plaintiff Anthony Ortiz, am fully knowledgeable

about this case, and submit this Declaration in support of Plaintiff's motion for an

order, pursuant to 28 U.S.C. § 1447 (c), to remand this case to the Supreme Court,

Bronx County, and grant costs and attorney fees to Plaintiff, due to the

1

Defendants' improper removal of this case on the same ground as their prior unsuccessful removal, as well as their violation of the rule of unanimity.

2.     Plaintiff commenced this action in the Bronx Supreme Court, on June 25, 2012. *Ortiz v. City of New York*, Bronx Co. Index No. 305498/12 (Schachner, J.). *See* summons and complaint, attached as Ex. A to NYCHA's Notice of Removal. The action included federal civil rights claims, pursuant to 42 U.S.C. § 1983, against the City of New York, the New York City Housing Authority ("NYCHA"), and two individual defendants, James Theis, a former NYPD detective, and Michael Codella, a former NYCHA police officer.

3.     On July 12, 2012, the defendants, with the exception of defendant James Theis, removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1367(a) and 1441. *See* Notice of Removal filed by City of New York in *Ortiz v. City of New York*, 12 CV 5372 (JMF), attached as Ex. D to NYCHA's Notice of Removal. The removal was predicated on the collective constitutional injuries, by each of the defendants, alleged in Plaintiff's complaint:

> The Complaint alleges Constitutional injuries to have been substantially caused to Plaintiff as a result of *Defendants'* negligence and intentional torts, as well as alleged violations of 42 U.S.C. §§ 1983 and § 1988, as a direct result of custom and/or policies adopted by [the City]. Accordingly, this is an action over which the District Courts of the United States have original

jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1441.

*Id.* at ¶¶ 4-5 (citations omitted) (emphasis added).

4.    While the City filed the notice of removal, the City's attorneys did so jointly with defendant NYCHA, which gave written consent that the City filed with its removal papers. *See* Exh. E to NYCHA's Notice of Removal, Affid. of Consent to Removal, Patrick J. Lawless, July 12, 2012.

5.    NYCHA's consent stated that "[t]he New York City Law Department has requested NYCHA's consent to remove" the case to federal court, and that "NYCHA hereby consents to the removal of this matter to the United States District Court, Southern District of New York." *Id.*

6.    On July 23, 2012, the City filed an amended notice of removal. *See* Exh. F to NYCHA's Notice of Removal.   Once again, NYCHA joined in that removal, explicitly consenting to having the case heard in federal court. *Id.* ¶ 9. The amended notice, like the original, was grounded on the federal causes of action asserted in Plaintiff's complaint. *Id.* ¶ 4.  This notice also included the consent, dated July 20, 2012, of defendant Michael Codella.

7.    At the time NYCHA gave its consent, it had not been served with process.  Plaintiff had filed a motion in the State Supreme Court in the Bronx for

permission to file a late notice of claim and, while that motion was pending, did not serve NYCHA. Unless the motion was granted, Plaintiff would have had no basis to sue NYCHA under state law, and might have elected not to proceed with the federal cause of action against NYCHA that was contained in the complaint.

8.      On August 13, 2012, Plaintiff moved to remand the case to state court based on the defendants' failure to secure defendant James Theis' consent prior to removing the case. Plaintiff contended that this omission violated the "rule of unanimity," which provides that in cases with multiple defendants, each defendant must explicitly consent to having the case removed from state to federal court before the case may be removed. The City, in response, contended that Theis's consent was not required because he had not been properly served. The Court ordered a Traverse hearing to resolve this issue.

9.      On December 11, 2012, following such a hearing, the Court rejected the credibility of Theis's testimony denying that he had been personally served, found that he had been properly served, and, due to the City's failure to obtain his consent and to comply with the rule of unanimity, granted Plaintiff's motion and remanded the case to the Bronx Supreme Court. *See* Order of the Honorable Jesse M. Furman, Dec. 12, 2012, *Ortiz v. City of New York*, 12 CV 5372 (JMF), and relevant excerpt of Proceedings dated December 11, 2012, Proceedings,

collectively attached hereto as Exh A).

10.   Following this remand, the Bronx Supreme Court scheduled a preliminary conference to be held on January 15, 2013, before the Hon. Lawrence Schachner.

11.   In addition, on January 3, 2013, defendant Codella moved for change of venue to New York County.  The motion was returnable on January 25, 2013, and Plaintiff's counsel was well into the process of researching the law and drafting opposition papers.

12.   However, on January 7, 2013, less than one month after this Court had remanded the case, NYCHA removed it back to this Court.  *See* NYCHA's Notice of Removal in *Ortiz v. City of New York*, 13 CV 136, Jan. 7, 2013.

12.   It did so jointly with the City of New York and defendants Codella and Theis, each of which gave consent in writing, which NYCHA filed with its papers.

13.   NYCHA did not assert any new factual basis to justify its removal. Indeed, it did so without regard to the status of the motion for leave to serve late notice of claim, and despite the fact that it still had not been served with the

summons and complaint.[1]  Thus, there was no change of circumstance and NYCHA (and the other defendants) were simply seeking a second opportunity to remove where their first joint effort had been rejected.

14.    Indeed, NYCHA explicitly based its removal on the same ground as the first one – the constitutional injuries asserted in Plaintiff's complaint – writing as follows:

> In this case, the complaint alleges causes of action based on violations Ortiz's Constitutional rights, as well as violations of §§ 1983 and 1988.  Accordingly, this is an action over which this court has original jurisdiction.

*Id.* ¶ 18 (citations omitted).

15.    As discussed in the accompanying Memorandum of Law, this case must be remanded to state court once again because NYCHA, in removing it on the same ground as in the first removal, violated the U.S. Supreme Court's rule against successive removals.  Moreover, NYCHA's removal violated the rule of

---

[1]Shortly before NYCHA's second removal, the undersigned learned that the State court had granted Plaintiff's motion for late notice of claim, but had not received or served upon NYCHA notice of entry of the decision, and had not yet served NYCHA with the summons and complaint.  Indeed, to remove any conceivable basis for removal under federal question jurisdiction, Plaintiff served notice of his intention to voluntarily dismiss his § 1983 claim against NYCHA.  However, before that dismissal was filed in State court and took effect, Plaintiff received notice of the removal, thus depriving the Bronx court once again of jurisdiction and rendering the voluntary dismissal a nullity.

unanimity as the City and Codella, by virtue of having previously removed this action, and Theis, as a result of giving false testimony and filing a late "consent" in support of such removal, are ineligible to consent to NYCHA's present, successive removal.

16.    Plaintiff requests that the Court direct the defendants to pay Plaintiff's costs, including reasonable attorney's fees, pursuant to 28 U.S.C. § 1447(c).  These fees include the time needed to prepare, file, and litigate this motion to remand.

WHEREFORE, Plaintiff respectfully requests that this Court remand this action to the Bronx Supreme Court, with costs and attorney fees, and for such further relief as this Court deems just and proper.

_____
JOEL B. RUDIN

AFFIRMED:    New York, New York
             January 23, 2013