UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

ANTHONY ORTIZ,                                      :

                    Plaintiff,                      :

        -against-                                   :   13 CV 136 (JMF)

THE CITY OF NEW YORK;                               :
THE NEW YORK CITY HOUSING AUTHORITY;
JAMES THEIS, a former detective employed           :
by the New York City Police Department,
JOHN DOE Nos. 1 through 5 (whose identities are    :
currently unknown but who are known to have been
detectives and supervisors with the New York City  :
Police Department), and MICHAEL CODELLA (aka
"Rambo"), a former detective with the New York     :
City Housing Authority Police Department,
as individuals and in their official capacities,   :

                    Defendants.                     :

-----------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF HIS MOTION TO REMAND**


JOEL B. RUDIN (JR 5645)
LAW OFFICES OF JOEL B. RUDIN
200 West 57th Street, Suite 900
New York, New York 10019
(212) 752-7600 (Phone)
(212) 980-2968 (Fax)
E-Mail: jbrudin@aol.com

*Attorney for Plaintiff Anthony Ortiz*

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES.................................................................. i

INTRODUCTION................................................................................ 1

ARGUMENT

    PLAINTIFF'S CASE MUST BE REMANDED TO
    STATE COURT BECAUSE DEFENDANTS' REMOVAL
    VIOLATES THE RULES  PRECLUDING SUCCESSIVE
    REMOVALS BASED ON THE SAME GROUND;
    DEFENDANTS SHOULD BE REQUIRED TO PAY
    PLAINTIFF'S COSTS AND ATTORNEY'S FEES............................ 3

CONCLUSION................................................................................... 11

# TABLE OF AUTHORITIES

*Case*                                                                    *Page*

*Burr v. Toyota Motor Credit Co.*, 478 F. Supp.2d 432
     (S.D.N.Y.2006)............................................................................ 3, 4

*Cain v. CVS Pharmacy, Inc.*, 2009 WL 539975
     (N.D. W. Va. Mar. 4, 2009)......................................................... 4

*Children's Vil. v. Greenburgh Eleven Teachers' Union*
     *Fedn. of Teachers, Local 1532*, 867 F.Supp 245
     (S.D.N.Y. 1994)............................................................................ 10

*Clark v. Tosco Corp.*, 2000 WL 33116539 (D. Conn. 2000)................ 6

*Codapro Corp. v. Wilson*, 997 F.Supp. 322 (E.D.N.Y.1998)................ 4

*Dacey v. Morgan Stanley Dean Witter & Co.*,
     263 F. Supp.2d 706 (S.D.N.Y. 2003)......................................... 10

*Delalla v. Hanover Insurance*, 660 F.3d 180 (3d Cir. 2011)............... 7n

*Dominguez v. Peek*, 2010 WL 1658550 (S.D. Ala. Apr. 16, 2010)....... 5

*Evans v. Taylorsville City*, 2007 WL 2892629
     (D. Utah Sept. 28, 2007)............................................................. 6

*Farina v. Nokia Inc.*, 625 F.3d 97 (3d Cir. 2010)................................. 7n

*Harden v Peek*, 2010 WL 1658584 (S.D. Ala. Apr. 16, 2010),
     *report and recommendation adopted*, 2010 WL 1851529
     (S.D. Ala. May 5, 2010)............................................................... 5

*Hardy v. N.Y. City Health & Hosps. Corp.*, 164 F.3d 789
     (2d Cir. 1999)............................................................................... 7n

| *Case* | *Page* |
|---|---|

*Jenks v. New Hampshire Motor Speedway*, 2012 WL 470432
(D. N.H. Feb. 13, 2012)...................................................... 5

*Kokoszka v. Belford*, 417 U.S. 642 (1974)............................. 7n

*Leslie v. BancTec Serv. Corp.*, 928 F.Supp. 341
(S.D.N.Y.1996)................................................................. 3

*Maresca v. Port Auth. of N.Y. & NJ*, 2012 WL 6728560
(D. N.J. Dec. 27, 2012)..................................................... 6

*Marseilles Homeowners Condominium Assn. v. Fontenelle*,
2008 WL 754680, (E.D. La. Mar. 19, 2008)...................... 5

*Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291
(2d Cir. 2000)................................................................... 3

*Morgan Guaranty Trust v. Republic of Palau*, 971 F.2d 917
(2d Cir. 1992)................................................................... 10

*National Waste Associates, LLC, v. TD Bank, N.A.*,
2010 WL 1931031 (D. Conn. May 12, 2010)...................... 5

*Olsen v. Found. Health Plan*, 1999 WL 390842
(N.D. Cal. June 11, 1999).................................................. 8-9

*One Sylvan Road N. Assocs. v. Lark Int'l, Ltd.*,
889 F. Supp. 60 (D.Conn. 1995)........................................ 4

*Pietrangelo v. Alvas Corp.*, 686 F.3d 62 (2d Cir. 2012)............ 7n

*Roche Constructors, Inc. v. One Beacon Am. Ins. Co.*,
2012 WL 1060000 (D. Colo. Mar. 28, 2012)...................... 9

*Case*                                *Page*

*Scialo v. Scala Packing Co. Inc*, 821 F. Supp. 1276
(N.D. Ill. 1993)............................................................... 8

*Smith v. Student Non-Violent Coordinating Comm.*,
421 F.2d 522 (5th Cir. 1969)................................. 4

*St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212 (1883)....................... 4

*United States v. Higgins*, 75 F.3d 332 (7th Cir. 1996)........................... 5

*United States v Moreno*, 395 Fed. Appx. 436 (9th Cir 2010).............. 5


**Constitution and Statutory Provisions**

United States Code

Title 28, Section 1441............................................... 3

Title 28, Section 1446............................................ 2, 6, 7n, 8, 9

Title 28, Section 1447............................................ 3, 9


**Other**

*Wright and Miller*, Federal Practice and Procedure,

Section 3731 (4th ed.)........................................... 7n

Section 3739 (4th ed.)........................................... 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

ANTHONY ORTIZ,                                          :

                          Plaintiff,                    :

              -against-                          :   13 CV 136 (JMF)

THE CITY OF NEW YORK;
THE NEW YORK CITY HOUSING AUTHORITY;  :
JAMES THEIS, a former detective employed
by the New York City Police Department,
JOHN DOE Nos. 1 through 5 (whose identities are   :
currently unknown but who are known to have been
detectives and supervisors with the New York City
Police Department), and MICHAEL CODELLA (aka :
"Rambo"), a former detective with the New York
City Housing Authority Police Department,
as individuals and in their official capacities,        :

                       Defendants.                 :

--------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

## INTRODUCTION

This Memorandum of Law is respectfully submitted on behalf of the

Plaintiff, Anthony Ortiz, in support of his accompanying notice of motion to

remand this case to state court pursuant to 28 U.S.C. § 1446 (c). The facts are set forth in the affirmation of Ortiz's attorney, Joel B. Rudin ["Rudin Affirm."], and are established by that affirmation and its attached exhibits.

In brief, defendant New York City Housing Authority ("NYCHA") previously consented to removal of this case from State Supreme Court in the Bronx, to this Court, acting jointly with defendant City of New York, which filed the removal papers. The ground for removal was the inclusion in the complaint, against all defendants, of federal civil rights claims, providing the federal court with federal question jurisdiction. After a hearing, this Court remanded the case back to State court in the Bronx, finding the removal defective under the rule of unanimity (consent from defendant James Theis had not been obtained).

There has been no change of circumstance. The complaint is the same. There has been no discovery. NYCHA had not been served before and still has not been served. Nevertheless, NYCHA has now removed the case again, this time filing the papers itself with the consent of the City (and of the other defendants). The ground for removal, federal question jurisdiction, is identical to the ground all defendants (except Theis) relied on for the first removal.

NYCHA's action violates the Supreme Court's rule against successive removals. The matter again should be remanded, this time with an award,

2

pursuant to 28 U.S.C. § 1447 (c), of costs and attorney's fees.

## ARGUMENT

### PLAINTIFF'S CASE MUST BE REMANDED TO STATE COURT BECAUSE DEFENDANTS' REMOVAL VIOLATES THE RULES PRECLUDING SUCCESSIVE REMOVALS BASED ON THE SAME GROUND; DEFENDANTS SHOULD BE REQUIRED TO PAY PLAINTIFF'S COSTS AND ATTORNEY'S FEES

Title 28, United States Code, Section 1441(a), provides a mechanism for a defendant sued in state court to remove the action to federal court. The statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants." Section 1447 provides for remand to the State court where the removal is improper.

The removal statute is construed strictly in favor of remand. *See Leslie v. BancTec Serv. Corp.*, 928 F.Supp. 341, 347 (S.D.N.Y.1996) (Batts, D. J.). The party seeking removal bears the burden of proving that the jurisdictional and procedural requirements of removal have been met. *See Burr v. Toyota Motor Credit Co.*, 478 F. Supp.2d 432, 436 (S.D.N.Y.2006) (Scheindlin, D. J.) (*citing Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir.2000)). All

3

doubts as to the procedural validity of removal will be resolved in favor of remand. *See Burr*, 478 F. Supp.2d at 437; *Codapro Corp. v. Wilson*, 997 F.Supp. 322, 325 (E.D.N.Y.1998).

It has long been the law that if a case is removed to federal court but then remanded to state court because of a procedural defect in the removal, a defendant may not remove again on the same ground. *See St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883). "A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition [only] when subsequent pleadings or events reveal a new and different ground for removal ...." *One Sylvan Road N. Assocs. v. Lark Int'l, Ltd.*, 889 F. Supp. 60, 62 (D.Conn. 1995). *See Wright and Miller*, Federal Practice and Procedure, § 3739 (4th ed.) ("After a case has been remanded to state court, a second notice of removal on the very same ground that led to the initial removal is likely to be rejected by the district court and may be considered to have been interposed in bad faith[.]"). "[A] court will not entertain second removals made in bad faith for the 'obvious purpose and intent of simply frustrating the trial of the issues in the State court.'" *Cain v. CVS Pharmacy, Inc.*, 2009 WL 539975, *2 (N.D. W. Va. Mar. 4, 2009), quoting *Smith v. Student Non-Violent Coordinating Comm.*, 421 F.2d 522, 524 (5th Cir. 1969).

The prohibition against successive removals based upon the same ground

applies to both the initiating and the consenting parties. *See, e.g., Harden v Peek*, 2010 WL 1658584 (S.D. Ala. Apr. 16, 2010), *2, *4, *report and recommendation adopted*, 2010 WL 1851529 (S.D. Ala. May 5, 2010) (requiring new basis for removal because otherwise both the original filing and consenting defendants would be barred under the successive removal rule). *Accord, Dominguez v. Peek*, 2010 WL 1658550 (S.D. Ala. Apr. 16, 2010), *report and recommendation adopted*, 2010 WL 1851617 (S.D. Ala. May 5, 2010) (a companion case that reached the same conclusion); *Marseilles Homeowners Condominium Assn. v. Fontenelle*, 2008 WL 754680, (E.D. La. Mar. 19, 2008) (unserved party that joined in first removal that was defective could not remove following being served).

Indeed, the purpose of requiring *written* consent to removal is "to bind all defendants as to their consent." *National Waste Associates, LLC, v. TD Bank, N.A.*, 2010 WL 1931031, * (D. Conn. May 12, 2010) (Charles S. Haight, Jr., S.D.J.). This is consistent with the general principle that a party that joins in another' s application is bound by the result, good or bad. *See, e.g., United States v Moreno*, 395 Fed. Appx. 436, 437 (9th Cir 2010); *United States v. Higgins*, 75 F.3d 332, 334 (7th Cir. 1996); *Jenks v. New Hampshire Motor Speedway*, 2012 WL 470432, *1 (D. N.H. Feb. 13, 2012) (party that joins in motion is bound by the

result); *compare Maresca v. Port Auth. of N.Y. & NJ*, 2012 WL 6728560, *1, n.1 (D. N.J. Dec. 27, 2012) (party that does not join in motion is not subject to court's decision of it); *Evans v. Taylorsville City*, 2007 WL 2892629, (D. Utah Sept. 28, 2007) (court grants motion to join prior motion and treats the motion as if brought "collectively" by all parties); *Clark v. Tosco Corp.*, 2000 WL 33116539, *2 (D. Conn. 2000) (party that joined in motion to dismiss gets benefit of motion).

Any approach that would relieve a later-served party from its previous consent to removal would permit the abusive result in multi-defendant cases of allowing parties to initiate or join in multiple applications for removal on the same ground, benefitting from a favorable decision while escaping any consequence from a negative one, while indefinitely frustrating the plaintiff's right to move his case forward in the State forum of his choice.[1]

---

[1] Even if NYCHA, which had not been served at the time of the first removal order and remand, and still has not been served, were served now, it would not be entitled to remove. The statute, 28 U.S.C. § 1446 (b)(2)(B), was amended to overrule those courts that had held that the 30-day time limit for removal ran, for *all* defendants, from the date the first defendant was served. Under this construction of the removal statute, an unserved party had to timely consent to a served party's removal notice or else it would be precluded from doing so later after it had been served. The rationale for these decisions was to give effect to the first-served defendants' implicit decision to waive their right to remove. However, other courts gave greater weight to a later-served defendant's interest in having at least one opportunity to obtain removal, even if this meant having to convince parties that initially had declined to remove to now consent. Additionally, these courts were concerned that the 30-day rule from service upon the first defendant permitted a plaintiff to manipulate the removal process by deferring service upon a party most likely to want to remove until it was too late for that party to do so. Congress

Here, NYCHA plainly collaborated with the City to accomplish the first

---

addressed these concerns by allowing a newly-served defendant 30 days to remove from the date it was served. *See generally Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 64 (2d Cir. 2012), citing *Delalla v. Hanover Insurance*, 660 F.3d 180 (3d Cir. 2011); Wright and Miller, Federal Practice and Procedure, § 3731 (4th ed.).

However, where a defendant already has formally consented, even prior to being served, to a served party's removal petition, the statute is not intended to give such defendant a right to initiate a second removal on the same ground. This is indicated by the statutory language permitting an "earlier-served defendant [to] consent to the removal [by a latter-served defendant] even though that earlier-served defendant *did not previously initiate or consent to removal.*" § 1446 (b)(2)(C) (emphasis added). The statute, which must be construed in its entirety and in light of its remedial purpose, *see generally Kokoszka v. Belford*, 417 U.S. 642, 650 (1974), was solely intended to relieve a later-served defendant from being bound by an earlier-served defendant's decision *not* to initiate or consent to removal. It was not intended to relieve a later-served defendant from being bound by an earlier removal that the previously-served defendants had initiated or consented to, and to which the newly-served defendant also had explicitly *consented.*

Surely, to eliminate the unfairness to a later-served defendant of depriving him of even one opportunity to remove, Congress did not intend to create unfairness to a plaintiff by permitting the defendants, acting collectively, *two* (or more) opportunities to remove on the same ground. This would be contrary to the principle that the removal statute is to be strictly construed in favor of remand. *See* p. 3, *supra*. In addition, if Congress had wished to "overrule" Supreme Court precedent and permit successive removals, it would have indicated such an intent in the statutory language, but it did not. *See, e.g., Farina v. Nokia Inc.*, 625 F.3d 97, 112 (3d Cir. 2010) ("Congress is presumed to enact legislation with knowledge of the law and a newly-enacted statute is presumed to be harmonious with existing law and judicial concepts."). Finally, if Congress's intent was to permit defendants that had *not* initiated or consented to removal to consent to removal by a later-served party regardless of whether the same defendants had sought removal earlier, it would not have limited the right of previously-served parties to consent to those defendants that "*did not previously initiate or consent to removal.*" § 1446 (b)(2)(C) (emphasis added). *See, e.g., Hardy v. N.Y. City Health & Hosps. Corp.*, 164 F.3d 789, 794 (2d Cir.1999) (under "the familiar principle of *expressio unius est exclusio alterius*, the mention of one thing implies the exclusion of the other.").

removal by giving its written consent, even before the City filed its removal notice. Indeed, as NYCHA's present Notice of Removal acknowledges in ¶ 5, NYCHA did so even though it had not been served and its consent was not required. Evidently, it wished to add the weight of its voice to the City's removal. Now that the City's first removal, joined in by NYCHA, has been defeated, the same parties are collaborating once again in removing a second time, this time in NYCHA's name. That the City was nominally the filing party the first time, and NYCHA the second, does not change the substance and the reality of what occurred.

An additional reason why this removal is defective is that it violates the rule of unanimity. *See* 28 U.S.C. § 1446 (2)(A). Defendants City and Codella should be estopped from "consenting" to a second removal, filed by another party whose consent to their first removal they had solicited, and thereby achieving the very result they failed to accomplish by their first removal. *See Scialo v. Scala Packing Co. Inc*, 821 F. Supp. 1276, 1277 n.3 (N.D. Ill. 1993) (a party that unsuccessfully removed due to its failure to obtain a later-served defendant's consent may not "consent" to that later-served defendant's own removal petition).[2] *See also Olsen*

---

[2]While the court's view that only one 30-day period to remove applies, from the date of service upon the first defendant, has been overruled by the statutory amendment, its view that a defendant may not "consent" to removal by a latter-served party that itself

8

*v. Found. Health Plan,* 1999 WL 390842, *4 (N.D. Cal. June 11, 1999)

(defendants were "ineligible to give consent" to removal since permitting them to

do so would effectively overrule a prior court order against them); *Roche*

*Constructors, Inc. v. One Beacon Am. Ins. Co.,* 2012 WL 1060000 (D. Colo. Mar.

28, 2012) (by virtue of a forum selection clause, some defendants were "estopped

from consenting to removal" and thus could not "consent" in order to "meet the

unanimity requirement of § 1446(b)."). Under the same principle, Theis should be

estopped from consenting now as well, having given a false affidavit and false

testimony denying valid service of process, as well as a late "consent" to the first

removal, in order to defeat Plaintiff's first motion to remand. No more than the

City (and Codella), Theis should not be given a second opportunity to "consent" to

removal.

In view of the defendants' conduct in removing twice improperly, they

should be directed to pay plaintiff's costs and attorney's fees. "Under 28 U.S.C. §

1447 (c), where a removed case is remanded the court 'may require payment of

just costs and any actual expenses, including attorney fees, incurred as the result of

the removal.' The statute 'affords a great deal of flexibility to the district courts in

---

consented to the first defendant's removal remains persuasive in view of the overall intent
of the statute to allow each defendant *one* opportunity to remove.

fashioning' such awards[,]" *Children's Vil. v. Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532*, 867 F.Supp 245, 248 (S.D.N.Y. 1994) (Broderick, D.J.) (citation omitted), and does not require a showing of bad faith, *see Morgan Guaranty Trust v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992). In determining whether to award fees, "courts apply a test of overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." *Dacey v. Morgan Stanley Dean Witter & Co.*, 263 F. Supp.2d 706, 712 (S.D.N.Y. 2003) (citation omitted).

Here, Plaintiff has now been forced, twice, to contest an improper removal. The second removal on the same ground, absent any changed factual circumstances, has caused substantial additional delay to the case. An initial discovery conference had to be canceled, while defendant Codella's change of venue motion was nullified due to the state court's loss of jurisdiction, thereby indefinitely delaying determination of the state venue issue. Defendants' tactic of removing twice has not only prevented this case from moving forward but also has caused Plaintiff to incur substantial attorney's fees, which defendants, not plaintiff, should be responsible for. Accordingly, costs and attorneys fees should be awarded, in an amount to be determined by the Court, based upon plaintiff's counsel's time records and hourly rates.

# CONCLUSION

Plaintiff's motion should be granted and this case remanded to the Bronx Supreme Court. Defendants should be required to pay Plaintiff's costs and attorney's fees.

Respectfully submitted,

JOEL B. RUDIN, ESQ
200 West 57th Street, Suite 900
New York, New York 10019
(212) 752-7600 (tel.)
(212) 980-2968 (fax)
E-mail: jbrudin@aol.com

*Attorney for Plaintiff Anthony Ortiz*

DATED: New York, New York
        January 23, 2013