UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

ANTHONY ORTIZ,                                         :

                   Plaintiff,            :

           -against-                        :  13 CV 136 (JMF)

THE CITY OF NEW YORK;                                  :
THE NEW YORK CITY HOUSING AUTHORITY;
JAMES THEIS, a former detective employed              :
by the New York City Police Department,
JOHN DOE Nos. 1 through 5 (whose identities are      :
currently unknown but who are known to have been
detectives and supervisors with the New York City    :
Police Department), and MICHAEL CODELLA (aka
"Rambo"), a former detective with the New York       :
City Housing Authority Police Department,
as individuals and in their official capacities,     :

               Defendants.          :

---------------------------------------------------------------x

---

## PLAINTIFF'S REPLY MEMORANDUM

---

JOEL B. RUDIN (JR 5645)
LAW OFFICES OF JOEL B. RUDIN
200 West 57th Street, Suite 900
New York, New York 10019
(212) 752-7600 (Phone)
(212) 980-2968 (Fax)
E-Mail: jbrudin@aol.com

*Attorney for Plaintiff Anthony Ortiz*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ANTHONY ORTIZ,                                                          :

                                    Plaintiff,                          :

                    -against-                                           :        13 CV 136 (JMF)

THE CITY OF NEW YORK;                                                   :
THE NEW YORK CITY HOUSING AUTHORITY;
JAMES THEIS, a former detective employed                                :
by the New York City Police Department,
JOHN DOE Nos. 1 through 5 (whose identities are                         :
currently unknown but who are known to have been
detectives and supervisors with the New York City                      :
Police Department), and MICHAEL CODELLA (aka
"Rambo"), a former detective with the New York                         :
City Housing Authority Police Department,
as individuals and in their official capacities,                       :

                                    Defendants.                         :

-------------------------------------------------------------------X

---

## **PLAINTIFF'S REPLY MEMORANDUM**

---

## **<u>INTRODUCTION</u>**

The removal statute, 28 U.S.C. § 1446, which is to be "strictly construed" in favor

of the plaintiff, provides each defendant in a multi-defendant case with *one* opportunity

to obtain removal to federal court on any given ground. *See* Plaintiff's Memorandum of

Law ("Pltf. Mem."), pp. 3-5, citing cases. Neither Defendant NYCHA, which filed the

1

instant removal petition, nor Defendant City of New York, which consented to it, dispute these principles. Nor do they dispute that both the City's prior and NYCHA's present petition raise the same "federal question" ground for removal. Instead, both Defendants argue, in separate submissions, that NYCHA is entitled to a second opportunity to remove merely because, as an unserved party, it was not required to consent to the City's prior removal. Meanwhile, the City argues that, despite consenting to NYCHA's present petition and filing a 13-page memorandum in support of it, the City is not really seeking removal for a second time, but instead merely passively consenting to it. These arguments blink reality and contradict binding Supreme Court case law as well as Congress's intent.

## ARGUMENT

### CONTRARY TO DEFENDANTS' ARGUMENTS, CONGRESS DID NOT INTEND TO PERMIT A PARTY A SECOND OPPORTUNITY TO OBTAIN REMOVAL WHERE ITS FIRST EFFORT WAS UNSUCCESSFUL

**A. Congress Left Standing Supreme Court Precedent Barring Successive Removal Applications On The Same Ground**

Long-standing Supreme Court precedent holds that a party that has already tried and failed to remove an action may not attempt to remove again on the same ground. *See* Pltf. Mem. p. 4, citing *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883). In *St. Paul*, the Supreme Court held that "a party is not entitled, under the existing laws, to file a second petition for [] removal upon the same grounds, where, upon first removal

2

by the same party, the federal court declined to proceed and remanded the suit . . . [.]" *Id.* The Court determined that any "different construction of the statute" would lead to "injurious" results, such as a delay in the plaintiff's ability to obtain relief on the merits of his lawsuit. *Id.*

In the 130 years since this decision, Congress has had countless opportunities to amend the removal statute to allow leeway for a party to seek removal twice on the same ground if it believed the Supreme Court's clear holding in *St. Paul* was in error, but it has not done so. Indeed, the present removal statute, as amended, contains *no* provision for any party that has previously initiated or consented to removal to seek it a second time on the same ground. Congress is presumed to be familiar with judicial precedent and expects that a new enactment using similar language will be similarly construed. *See Cannon v. University of Chicago*, 441 U.S. 677, 699 (1979); *Lorillard v. Pons*, 434 U.S. 575, 580-81 (1978). Accordingly, the *St. Paul* rule barring successive petitions remains binding law except to the limited extent it has been "overruled" by amendment.

When Congress amended the removal statute in 2012, it did *not* generally overrule *St. Paul.* To the contrary, the amendment addressed *only* situations in which a later-served defendant sought removal even though an earlier-served defendant, within 30 days of being served, "did *not* previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C) (emphasis added). As stated in the legislative history, the amendment's

purpose was to "overrule" those Circuit Courts which had held that a later-served defendant could not seek removal if an earlier-served defendant had failed to timely do so. Congress reasoned that "[f]airness to later-served defendants . . . necessitates that they be given their own opportunity to remove, even if earlier-served defendants *chose not to remove initially.*" H.R. Rep. No. 10, H.R. REP. 112-10, at *14 (2011) (emphasis added). Accordingly, Congress amended the statute to provide that a later-served defendant may remove even if earlier-served defendants "did *not*" remove initially. § 1446(b)(2)(C) (emphasis added).

Significantly, however, Congress did *not* include any statutory language intended to override the *St. Paul* rule where a later-served defendant already has consented to a prior petition, nor did it provide for an earlier-served defendant to consent to such a second removal. By standing silent on these issues, Congress implicitly affirmed the continuing vitality of *St. Paul.*

**B.** **NYCHA's Arguments Opposing Remand Should Be Rejected**

NYCHA does not dispute that if it had affirmatively initiated a prior removal, or "joined in" the City's prior petition, before being serviced, it would be barred from joining in or initiating a second removal on the same ground. Instead, NYCHA argues that its act of "consenting" to the City's prior petition is qualitatively different than initiating its own petition or joining one, and thus does not bar the agency from initiating

4

its own subsequent petition. But there is no support for NYCHA's proposition in the statute or the case law. Indeed, it is logically inconsistent – an initiator, a joiner, and a consenter all are seeking the same relief of removal to federal court, and neither the statute nor the case law treats them differently for the purpose of the rule against successive removals.

In attempting to avoid the clear rule against successive removals, NYCHA argues that its prior consent was gratuitous – the City did not need such consent to remove because NYCHA had not yet been formally served with process – and thus somehow such consent should not "count." *See* NYCHA's Memorandum of Law in Opposition to Motion to Remand (NYCHA Mem.), p. 4. Certainly it is true that had NYCHA not consented, it would now, under the statutory language, be permitted its first effort to remove, but it *did* consent, thereby lending its imprimatur to the City's effort and giving that effort added weight. That it was not required to consent for the City to succeed, but did so anyway, cuts against its position that it has not had an opportunity to remove. It consented to removal, and had every opportunity to support removal through briefing or oral presentation, just as the City does now in supporting NYCHA. Indeed, the two parties fully collaborated, with NYCHA providing its formal written consent even before the City filed its petition.[1]

---

[1] NYCHA makes much of Plaintiff's failure to serve it with its notice of remand, filed in response to the City's prior petition for removal, but this is of no consequence. Plaintiff's

NYCHA also argues that, even if it acted jointly in the City's prior motion, it nevertheless is entitled to remove again under the rule that a "removing party may freely amend its petition for removal within 30 days after being served with the complaint." NYCHA Mem., p. 4. NYCHA cites *Denton v. Wal-Mart Stores, Inc.*, 733 F.Supp. 340 (M.D. Fla. 1990), which merely notes that, under the logic that a defendant has 30 days following service to petition for removal, a defendant also may amend its petition for removal within the same time frame. Such an unexceptional rule surely would not allow for the amendment of a removal petition *after* it has already been rejected and the case remanded to State court. The rule NYCHA suggests would lead to absurd results: a defendant would be permitted to petition for removal, have it denied, and then petition again on the same ground an infinite number of times from the moment it first learned of the existence of the lawsuit until 30 days after it was formally served.

NYCHA cites no other case law or authority that directly supports its arguments, nor does it explain why the amendment of the removal statute, which was intended to provide a later-served defendant one opportunity to remove, "overrules" the cases we cite holding that, consistent with the successive removal rule, a consenting party may not

oversight does not change the nature of NYCHA's involvement in the prior proceeding. NYCHA does not contend that it was unaware of the course of the prior proceedings, including Plaintiff's remand application, or that it was deprived of the opportunity to contribute its views. To the contrary, it appears certain that the two parties were both fully informed as they pursued, through the representation of the City Law Department, their joint strategy of denying Plaintiff his choice of a State forum for his lawsuit, just as they are collaborating now.

later initiate a second removal. *See* Pltf. Mem. at pp. 4-8.

## C.   The City of New York's Arguments Also Should Be Rejected

The City of New York's opposition papers, which are longer than NYCHA's, reveal the concerted effort that these two defendants have engaged in since the beginning of this litigation to force Plaintiff out of the jurisdiction of his choosing in this civil rights action.[2] Like NYCHA, the City agrees that if NYCHA had initiated or "joined in" the City's prior petition, it would be barred from initiating now, and so, like NYCHA, it attempts distinguish NYCHA's equivalent action of "consenting" to the City's prior petition.

First, the City argues that the *Ortiz* matter should be removed so that it can "join its companion case, *Danny Colon v. City of New York*, 2012 CV 09205," currently pending before this court. *See* City of New York Memorandum ("City Mem."), p. 2. Having deprived Danny Colon of his chosen forum by removing his action, the City now seeks to do the same to Anthony Ortiz. But the venue where *Colon* is pending has no relevance here. The removal statute does not accommodate "companion cases."

---

[2]We note the irony of Defendants' attempts to push Plaintiff out of the forum of his choosing in this Section 1983 action. Section 1983 was intended to provide a federal venue for plaintiffs whose constitutional rights were violated at a time when it was unlikely that such an individual could receive a fair trial of his or her case in a state forum. Here, it is Plaintiff who believes that the fairest forum for his civil rights to be vindicated is Bronx Supreme Court where, among other things, he would not be forced to present his challenges to the unconstitutional policies and practices of Robert Morgenthau, the longstanding Manhattan District Attorney, to a jury comprised in large part of Manhattan residents.

Individual plaintiffs have individual rights to vindicate their claims and Anthony Ortiz should not be deprived of the State forum he has chosen merely because Danny Colon is being deprived of his. If all that mattered was judicial economy, the Defendants could have allowed both cases to remain in State court.[3]

Next, the City, like NYCHA, argues that since NYCHA's consent was not necessary to the City's prior petition, NYCHA's prior consent should be disregarded now. *See* City Mem., pp. 4-6. This argument accepts that if NYCHA's consent *had* been required, NYCHA would *not* be permitted to initiate removal now, under the rule barring second petitions. But, as we have shown, by consenting, whether it was required to or not, NYCHA already has had a full opportunity to support removal, and should not be given a second opportunity. That is not what Congress intended. *See supra*, pp. 3-4.[4]

---

[3]Moreover, discovery can be conducted jointly whether the cases are both in the Southern District or one remains in State court. Plaintiff will oppose a joint trial and it does not promote judicial economy to force a second such case to be tried in federal court when, given the "Sequester" and federal budgetary constraints, a trial may be had first in State court.

[4]The City claims that an unreported New Jersey District Court case, *Aycox v. City of Elizabeth, et al.*, 08-cv-751 (D. N.J. May 7, 2008) (unreported in Westlaw), is "instructive" on this issue. *See* City Mem., p. 8. But that case does *not* deal with the issues presented here. In that case, the court addressed the plaintiff's claim that the City's petition for remand was improper because the written consent of an individual co-defendant, who had not been formally served, was allegedly untimely. The court held that, since the individual co-defendant had never been served, his consent was unnecessary and therefore its supposed untimeliness did not deprive the City of removal. But that is a different issue from the issue here of whether an unserved defendant who has consented to removal should be given a second opportunity to move in a successive petition. Because the case was removed to federal court, there was no need for the individual co-defendant, once served, to file its own subsequent petition for removal. Therefore, *Aycox* has no applicability here, where the issue presented is whether such a successive removal is permitted under the controlling law.

The City argues that § 1446(a)(2)(A)'s simultaneous use of the terms "join in" and "consent" somehow gives them different legal significance, but its argument is not based upon any language in the statute let alone Congressional intent. *See* City Mem., p. 6. While the statute does use both terms, nowhere does it give them different significance. NYCHA could have characterized its "consent" to removal as "joining in" the City's motion, and it was free to support removal by, as the City now does, filing a memorandum in support of it, if it chose to. That it was content to permit the City's capable attorneys to carry the load does not detract from the reality that the two parties acted together and NYCHA's interest in removal was fully represented.

The City further argues that, in order for a later-served defendant to be able to take advantage of his statutory opportunity to remove, such defendant must be able to obtain consent of all previously-served defendants, even if one of those previously-served defendants had its own removal petition rejected. *See* City Mem., pp. 7-8. This may be true where the later-served defendant did *not* have any previous opportunity to remove and did not in fact seek removal. But here, NYCHA *did* seek removal by consenting to the City's prior petition. In so doing both NYCHA and the City have already exhausted their one opportunity and neither may do so again.

Like NYCHA, the City does not cite any authority holding *either* that a consenting

party may later petition to remove, or a moving party may later consent, with respect to a petition premised on the same ground. Nor does the City adequately distinguish Plaintiff's cases. The City argues that *Olson v. Foundation Health Plan*, 1999 WL 390842 (N.D. Cal. 1999), cited at Plaintiff's memorandum at pp. 8-9, is inapplicable because it relied on the now-overruled "first-served" rule. However, that case independently holds that, under the successive application rule of *St. Paul*, a party that initiated removal and lost cannot consent to another party's subsequent petition based upon the same ground. *See Olson*, at * 3.

## CONCLUSION

Plaintiff's motion should be granted and this case remanded to the Bronx Supreme Court.

Respectfully submitted,

JOEL B. RUDIN, ESQ
200 West 57th Street, Suite 900
New York, New York 10019
(212) 752-7600 (tel.)
(212) 980-2968 (fax)
E-mail: jbrudin@aol.com

*Attorney for Plaintiff Anthony Ortiz*

DATED: New York, New York
       March 5, 2013