```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  Jun 04, 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                         :

ANTHONY ORTIZ,                            :

                               Plaintiff,        :           13 Civ. 136 (JMF)

                                         :

                 -v-                     :           OPINION AND ORDER

                                         :

THE CITY OF NEW YORK, *et al.*,      :

                                       :

                            Defendants.     :

                                         :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

     Plaintiff Anthony Ortiz sues the City of New York (the "City"), the New York City Housing Authority ("NYCHA"), a former New York City Police Department detective, and a former NYCHA police officer, alleging malicious prosecution, intentional infliction of emotional distress, denial of due process and a fair trial, deprivation of liberty, and negligent hiring, training, and supervision.  Ortiz originally filed his complaint in New York State Supreme Court, Bronx County, but it was removed to this Court by the City in July 2012 on the basis of federal question jurisdiction.  (*See* Notice of Removal ¶¶ 1, 5 (Docket No. 1); *see also id.* Exs. A, D).  Although NYCHA had not yet been served with the summons and complaint, it nonetheless expressly consented to the City's removal.  (*See id.* ¶ 5; *id.* Ex. E).

     Following a hearing on December 11, 2012, this Court found that the City had not obtained the consent of another properly served defendant, as required by the "rule of unanimity" set forth in Title 28, United States Code, Section 1446(b)(2)(A), and remanded the case.  (*See id.* ¶ 14; *id.* Ex. R; Hr'g Tr. at 125-130, *Ortiz v. City of N.Y.*, No. 12 Civ. 5372 (JMF), Dec. 11, 2012 (Docket No. 14)).  On January 7, 2013, although it had still not been served with the summons

and complaint, NYCHA filed a new notice of removal, also predicated on federal question jurisdiction, with the consent of all other Defendants.   (*See id.* ¶ 18; *id.* Exs. W, X, Y).

Plaintiff now moves to remand again on the ground that NYCHA's removal violates the rule against successive removals by the same party on the same ground.  (Pl.'s Mot. Remand (Docket No. 11)).  The question presented, which appears to be of first impression, is whether the general rule barring successive petitions of removal applies where, as here, the second notice of removal is filed by a party that had not been served at the time of the original notice of removal but nonetheless expressly consented to that removal.  The Court concludes that it does and therefore grants Plaintiff's motion to remand the case for a second time.

## DISCUSSION

It is well established that "federal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted).  As a general matter, Congress has granted federal district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, *see* 28 U.S.C. § 1332.  Where a plaintiff files such a case in state court, Title 28, United States Code, Section 1441(a) allows a defendant — with some exceptions not relevant here — to "remove[]" the case to federal district court.

The procedures governing removal of civil actions are set forth in Title 28, United States Code, Section 1446.  That statute, as amended in 2011, provides that a notice of removal must be filed within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  *Id.* § 1446(b)(1).  It also sets forth certain rules for actions involving

2

multiple defendants.  First, codifying the longstanding "rule of unanimity," it provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  *Id.* § 1446(b)(2)(A); *see Chicago, Rock Island & Pac. Ry. v. Martin*, 178 U.S. 245, 247-48 (1900) (establishing the rule of unanimity).  And second, resolving a circuit split over whether the deadline for removal runs from service on the first defendant or from the date each defendant was served, *see Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 64-65, 64 n.3 (2d Cir. 2012) (noting the circuit split and the statutory amendment resolving the split), it states that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal," 28 U.S.C. § 1446(b)(2)(B); and that, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal," *id.* § 1446(b)(2)(C).

Significantly, "'[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Purdue Pharma*, 704 F.3d at 213 (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (alteration in original)); *accord Veneruso v. Mount Vernon Neighborhood Health Ctr.*, — F. Supp. 2d —, No. 09 Civ. 8703 (KMK), 2013 WL 1187445, at *2 (S.D.N.Y. Mar. 22, 2013); *N.Y.C. Health & Hosps. Corp. v. WellCare of N.Y., Inc.*, 769 F. Supp. 2d 250, 254 (S.D.N.Y. 2011).  This "strict construction of the right of removal" also "makes good sense," as "[a]n order denying a motion to remand a case to state court is ordinarily not appealable until after a final judgment or order is filed in the case."   16 James Wm. Moore et al., *Moore's Federal Practice* § 107.05 (3d ed. 2012).  "If the court of appeals determines that the case should have been

remanded on the ground that there was no federal jurisdiction, the judgment on the merits must also be vacated because of the lack of jurisdiction.  If the case was improperly remanded, at least the state court judgment will not be invalidated because of a lack of subject matter jurisdiction." *Id.*; *cf. New York v. Shinnecock Indian Nation*, 686 F.3d 133, 136 (2d Cir. 2012) (vacating a judgment, after nine years of litigation and a trial, for lack of subject-matter jurisdiction, where the district court had denied remand); *Am. Int'l Grp., Inc. v. Bank of Am. Corp.*, 712 F.3d 775, 777 (2d Cir. 2013) (stating that the district court had "wisely certified" the question of remand "for interlocutory appeal so as to avoid the risk of conducting an extensive trial which might be mooted by a higher court's subsequent determination that remand . . . was required").

Strictly speaking, the removal statute does not directly address the question of successive removal petitions.  In 1883, however, the Supreme Court held that "a party is not entitled . . . to file a second petition for . . . removal upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit."  *St. Paul & Chi. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883).  Since that time, federal courts have adhered to a general rule that, absent an intervening change in the underlying factual circumstances, a second removal by the same party on the same ground is impermissible and may subject the removing party to sanctions.  *See, e.g.*, *Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 456-57 (7th Cir. 2005); *Smith v. Student Non-Violent Coordinating Comm.*, 421 F.2d 522, 524 (5th Cir. 1969); *see also* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3739 (4th ed. 2001); Moore et al., *supra*, § 107.30[4].  In the 130 years since the Supreme Court established the rule against successive removals, Congress "has taken no step" to abrogate the rule, and "this long congressional acquiescence 'has enhanced even the usual precedential force'" accorded to Supreme Court precedent.  *Watson v. United States*, 552 U.S. 74, 82-83

4

(2007) (quoting *Shepard v. United States*, 544 U.S. 13, 23 (2005); *see also, e.g.*, *Hall v. United States*, 132 S. Ct. 1882, 1889 (2012) ("'We assume that Congress is aware of existing law when it passes legislation.'" (quoting *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990))).

Although most of these cases have involved second attempts to remove by the defendant who removed in the first instance, at least two courts have accepted that the prohibition against successive removals applies to a defendant who only consented to, or joined in, the first removal — albeit in both cases, without any real analysis of the issue. *See, e.g.*, *Harden v. Peek*, No. Civ. A. 09-00841-KD-B, 2010 WL 1658584 (S.D. Ala. Apr. 16, 2010), *report and recommendation adopted*, 2010 WL 1851529 (S.D. Ala. May 5, 2010); *Dominguez v. Peek*, No. Civ. A. 09-00842-KD-B, 2010 WL 1658550 (S.D. Ala. Apr. 16, 2010), *report and recommendation adopted*, 2010 WL 1851617 (S.D. Ala. May 5, 2010); *see also Marseilles Homeowners Condo. Ass'n v. Fontenelle*, No. Civ. A. 08-1061, 2008 WL 754680, at *2 (E.D. La. Mar. 19, 2008) (dictum). In the companion cases of *Harden* and *Dominguez*, for example, one defendant, Kenneth Arlin Peek, Jr., removed the case on diversity jurisdiction grounds with the consent of codefendant Poch Staffing, Inc. Following a successful motion to remand based on the failure to satisfy the amount-in-controversy requirement, Poch Staffing filed a second notice of removal. Even though Poch Staffing had merely consented to the prior removal, the Court adopted the parties' position that the rule against successive removals would bar its removal unless it could demonstrate a change in the factual circumstances, and decided the case on that basis. *See Harden*, 2010 WL 1658584, at *3. (The Court ultimately concluded that Poch Staffing had shown changed circumstances, and denied the motion to remand.)

Notably, Defendants in this case do not challenge the proposition accepted by these decisions, or cite any authority to the contrary, and thus concede — at least implicitly — that a

defendant who, having been served with a complaint, consents to another defendant's removal is barred from removing again on the same grounds.  Instead, they argue that the prohibition on successive removals does not apply where, as here, a defendant had not been served with the complaint at the time of the initial removal, as its consent to such removal was not required by the rule of unanimity and thus "superfluous."  (NYCHA Mem. 4; City Mem. 4-5).

This argument is ultimately unpersuasive.  Although NYCHA's consent may not have been legally required for the initial removal to have been valid, it does not follow that its consent, having been voluntarily given, lacks legal significance.  The fact of the matter is that NYCHA *did* expressly consent, and it is bound by that consent.  *See, e.g.*, *Nat'l Waste Assocs., LLC v. TD Bank, N.A.*, No. 3:10–CV–289 (CSH), 2010 WL 1931031, at *6 n.17 (D. Conn. May 12, 2010) (stating that one purpose of requiring written consent is "to bind all defendants as to their consent").  In effect, NYCHA can be said to have "joined" in the City's initial removal. *See, e.g.*, *Franklin Nat'l Bank Sec. Litig. v. Andersen*, 532 F.2d 842, 846 (2d Cir. 1976) (describing consenting defendants as "join[ing] in the petition for removal"); *Bradford v. Harding*, 284 F.2d 307, 309 (2d Cir. 1960) (similar); *City of Schenectady v. Am. Tax Funding, LLC*, No. 1:12-CV-1026 (MAD) (RFT), 2013 WL 1193340, at*2 (N.D.N.Y. Mar. 22, 2013) (similar); *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 330 (S.D.N.Y. 2007) (similar).[1]  Having done so, NYCHA is bound by the result of the first removal, *see, e.g.*, *Jenks*

---

[1]      Noting that Section 1446(b)(2)(A) provides that "all defendants who have been properly joined and served must join in *or* consent to the removal of the action," the City suggests that "consent" and "join" must be given different meanings.  (City Mem. 6 (quoting 28 U.S.C. § 1446(b)(2)(A) (emphasis added))).  There is no indication in the statute or its legislative history, however, that Congress intended to draw a distinction between "joining" and "consenting," let alone that it intended to do so with respect to the prohibition on successive removals.  It is equally, if not more, probable that Congress meant to ensure that application of Section

*v. N.H. Motor Speedway*, No. 09-CV-205 (JAD), 2012 WL 470432, at *1 (D.N.H. Feb. 13, 2012) (holding that a party that joins another party's motion is bound by the decision on that motion); *United States v. Millan-Colon*, 829 F. Supp. 620, 628 (S.D.N.Y. 1993) (holding that defendants who "joined" in a motion were bound by the decision on the motion), *aff'd sub nom. United States v. Millan*, 17 F.3d 14 (2d Cir. 1994), and it does not deserve a second bite at the apple.

*Aycox v. City of Elizabeth*, No. Civ. A. 08-751 (JAP), 2008 U.S. Dist. LEXIS 37585, (D.N.J. May 6, 2008), the one case cited by either Defendant in support of their argument against remand (City Mem. 4-5), does not suggest otherwise.  In that case, which had been removed from state court by the City of Elizabeth, the plaintiff moved to remand, contending (as Plaintiff in this case did with respect to the first removal) that the City of Elizabeth had failed to get the consent of an unserved individual defendant and that the time for his consent had lapsed.  *See id.* at *3.  Thus, the question in *Aycox* was whether the defective or late consent of an unserved defendant invalidated a *co-defendant's* otherwise valid removal.  The Court's holding — that it did not — was a straightforward application of the rule of unanimity, which (as later codified in Section 1446(b)(2)(A)) requires the consent only of defendants who have been "properly joined and served."  Put simply, *Aycox* did not involve successive removals, let alone address the consequences of a defendant's consent to removal on that defendant's *own* right to remove later.

Defendants also rely on the plain language of Sections 1446(b)(2)(B) and (C), which grant "[e]ach defendant" in a multi-defendant case the right to remove the case within thirty days of being served with the complaint.  (City Mem. 6-9; NYCHA Mem. 5).  Applying the rule against successive removals to NYCHA, they reason, "would impermissibly defeat the very

---

1446(b)(2)(A) would not turn on the particular term used for a party signaling its agreement to a notice of removal in any given Circuit.

intent" of these provisions, "which is to provide a later-served defendant with its own

opportunity to remove an action to federal court." (City Mem. 7). But there is nothing in the

language of Sections 1446(b)(2)(B) and (C) that suggests Congress meant to override or limit the

prohibition against successive removals. And applying that prohibition to a defendant that

expressly consented to an initial removal is not inconsistent with the central purpose of the later-

served defendant rule, which is to ensure that no defendant is deprived of the right to a federal

forum merely because it was served too late (and to prevent plaintiffs from engaging in unfair

manipulation by delaying service on defendants most likely to remove). *See Pietrangelo*, 686

F.3d at 65. At bottom, the rule is meant to ensure that each defendant has a meaningful

opportunity to be heard on the question of removal. NYCHA already had such an opportunity,

as it lent its weight to the City's notice and could have briefed and argued the propriety of the

City's removal when that issue was litigated before this Court. There is no injustice in holding

that, having had one such opportunity, NYCHA does not deserve another.

That the later-served defendant rule, as codified in Sections 1446(b)(2)(B) and (C), does

not speak to the question at issue here is seen by consideration of two hypotheticals. First,

imagine that a plaintiff sues Defendants A and B in state court and serves them both on the same

date. Imagine further that, the following day, Defendant A removes the case with the express

consent of Defendant B, but the case is immediately remanded to state court. On its face,

Section 1446(b)(2)(B) would suggest that Defendant B has its own right to remove the case

again, as long as it does so within thirty days of service. Absent a change in factual

circumstances or a different ground for removal, however, allowing Defendant B to do so would

plainly run afoul of the longstanding prohibition on successive removals. Alternatively, consider

a defendant, such as NYCHA, that removes a case despite having not been served. Taken to its

8

logical conclusion, Defendants' argument would suggest that, under Section 1446(b)(2)(B), such a defendant could, after remand, remove the case on the very same ground, as long as it did so within thirty days of having been served.  Had Congress intended to alter the prohibition against successive removals in that manner, however, it could have (and would have) said so.

In short, regardless of whether NYCHA's consent was required for the City's initial removal of this case, the fact that NYCHA did consent to the removal bars it from removing the case again on the same ground.  To the extent that there is any doubt on that score, the injunction to construe the removal statute narrowly and resolve any doubts against removability calls for remand.  That is, absent stronger arguments for allowing a defendant in NYCHA's position to seek removal in its own right, the Court defers to "the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments."  *Purdue Pharma*, 704 F.3d at 213 (internal quotation marks omitted).  Further, as noted above, erring on the side of remand "makes good sense," Moore et al., *supra*, § 107.05, as it removes any risk of the Court of Appeals concluding, after the case has proceeded to final judgment, that this Court lacked jurisdiction and vacating the judgment on that basis.

Thus, the Court concludes that NYCHA's notice of removal — based on the same ground as the City's prior notice of removal to which it consented — is barred by the rule against successive removals and that remand is warranted.  That said, the Court declines to award Plaintiff attorney's fees and costs pursuant to Title 28, United States Code, Section 1447(c), for the work involved in contesting this second attempt at removal.  (*See* Pl.'s Mem. 9-10 (requesting the award of attorney's fees)).  As the Supreme Court recently clarified, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136

9

(2005).  Given the unusual circumstances of this case and the lack of any precedent directly on point, the Court cannot state that NYCHA lacked an objectively reasonable basis for its petition for removal.  Accordingly, Plaintiff's application for attorney's fees and costs must be denied.

**CONCLUSION**

For the reasons discussed above, Plaintiff's motion to remand is GRANTED and its request for attorney's fees and costs is DENIED.  The Clerk of the Court is directed to terminate the motion (Docket No. 11) and to remand this case back to state court.

SO ORDERED.

Dated: June 4, 2013
       New York, New York

_____
JESSE M. FURMAN
United States District Judge